HONORABLE BARBARA J. ROTHSTEIN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HOLLIANNE AND JACOB YRACEBURU,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A. and NAVY FEDERAL CREDIT UNION,<br><br>Defendants. | Case No.: 2:24-cv-00362<br><br>**ANSWER OF DEFENDANT NAVY FEDERAL CREDIT UNION** |

Defendant Navy Federal Credit Union ("Defendant") answers the Complaint of Hollianne and Jacob Yraceburu ("Plaintiffs") as follows.

**I.  Parties and Jurisdiction**

1. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

2. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

3. Defendant denies that it may be served "at any branch location." Defendant admits the remaining allegations in this Paragraph.

NAVY FEDERAL CREDIT UNION'S
ANSWER TO PLAINTIFFS'
COMPLAINT
Case No. 2:24-cv-00362 – 1

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

4. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

**II.     Facts**

5. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

6. Defendant admits that Ms. Yraceburu entered into a loan agreement with NFCU on or about November 2, 2021. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies the same.

7. Defendant admits that it issued a check dated November 3, 2021 to Ms. Yraceburu made payable to "Holliane L Ervin and Chase Bank" for $22,948.64, which was returned unpaid to Defendant because Ms. Yraceburu (Ervin) did not endorse either the front or the reverse of the check. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies the same.

8. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

9. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

10. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

11. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

///

NAVY FEDERAL CREDIT UNION'S
ANSWER TO PLAINTIFFS'
COMPLAINT
Case No. 2:24-cv-00362 – 2

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

1  12. Defendant admits that it sent Ms. Yraceburu a letter dated November 8, 2021 and that this letter explained that the November 3, 2021 check Defendant had issued to Plaintiffs for $22,948.64 had been returned because there was an "Endorsement missing of the Applicant on the front or reverse side of the draft." Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies the same.

13. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

14. Defendant admits that Plaintiffs made a lump sum payment to pay off their loan entirely on or about July 8, 2022 as alleged in this Paragraph. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies the same.

15. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

16. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

17. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

18. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

19. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

20. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

///

NAVY FEDERAL CREDIT UNION'S
ANSWER TO PLAINTIFFS'
COMPLAINT
Case No. 2:24-cv-00362 – 3

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

1   21. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

2   22. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

3   23. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

4   24. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

5   25. Defendant denies that the check it provided to Plaintiffs was defective. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies the same.

6   26. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

7   27. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

8   28. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

9   29. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

10  30. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

11  31. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

///

///

NAVY FEDERAL CREDIT UNION'S
ANSWER TO PLAINTIFFS'
COMPLAINT
Case No. 2:24-cv-00362 – 4

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

32. Defendant denies the allegations in this Paragraph asserted against it. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies the same.

33. Defendant denies the allegations in this Paragraph asserted against it. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies the same.

34. Defendant denies the allegations in this Paragraph asserted against it. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies the same.

35. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

36. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

37. Defendant denies the allegations in this Paragraph asserted against it. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies the same.

### III. Causes of Action

**Count 1 – Negligent Misrepresentation (as to both Defendants)**

38. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in this Paragraph.

39. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

40. Defendant denies the allegations in this Paragraph.

41. Defendant denies the allegations in this Paragraph.

NAVY FEDERAL CREDIT UNION'S
ANSWER TO PLAINTIFFS'
COMPLAINT
Case No. 2:24-cv-00362 – 5

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

### Count 2 – Conversion (as to both Defendants)

42. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in this Paragraph.

43. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in this Paragraph.

44. Defendant denies the allegations in this Paragraph.

45. Defendant denies the allegations in this Paragraph.

### Count 3 – Consumer Protection Act Claims

46. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in this Paragraph.

47. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in this Paragraph.

48. Defendant denies the allegations in this Paragraph.

49. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in this Paragraph.

50. Defendant denies the allegations in this Paragraph.

51. Defendant denies the allegations in this Paragraph.

///

///

///

NAVY FEDERAL CREDIT UNION'S
ANSWER TO PLAINTIFFS'
COMPLAINT
Case No. 2:24-cv-00362 – 6

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

### Count 4 – Outrage

52. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in this Paragraph.

53. Defendant denies the allegations in this Paragraph.

54. Defendant denies the allegations in this Paragraph.

55. Defendant denies the allegations in this Paragraph.

56. Defendant denies the allegations in this Paragraph.

### Injunctive Relief

57. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in this Paragraph.

58. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in this Paragraph.

59. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

60. Defendant denies the allegations in this Paragraph.

61. Defendant denies the allegations in this Paragraph.

62. Defendant denies the allegations in this Paragraph.

**IV. Prayer for Relief**

Defendant denies Plaintiffs are entitled to any damages or relief of any kind whatsoever.

### DEFENDANT'S AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim for relief against Defendant.

///

NAVY FEDERAL CREDIT UNION'S
ANSWER TO PLAINTIFFS'
COMPLAINT
Case No. 2:24-cv-00362 – 7

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

2.  Plaintiffs' Complaint fails because Plaintiffs failed to give Defendant notice of their claim and an opportunity to cure before bringing this action as required by the agreement between Plaintiffs and Defendant.

3.  The doctrines of accord and satisfaction cause Plaintiffs' Complaint to fail because Defendant returned all the payments Plaintiffs made to Defendant.

4.  Plaintiffs' first and fourth causes of action are untimely because Virginia law applies to Plaintiffs' claims against Defendant, the applicable statute of limitations for these claims is two years, Plaintiffs' claims arose on or before November 8, 2021, and Plaintiffs initiated this action against Defendant on February 20, 2024, which is more than two years after Plaintiffs' claims arose.

5.  Plaintiffs' injuries were caused by the criminal actions, intentional torts, and/or negligence of a third party, and not Defendant.

6.  Plaintiffs' claimed damages, if any, were caused in whole or in part, by their own negligence, omissions, or wrongdoing, including but not limited to, Ms. Yraceburu's failure to properly endorse the check dated November 3, 2021 from Defendant and made payable to "Holliane L Ervin and Chase Bank" for $22,948.64.

7.  Plaintiffs' claims are barred, in whole or in part, because they failed to mitigate, minimize, or prevent damages, if any, in a timely manner.

8.  Plaintiffs' damages, if any, must be reduced for setoffs.

9.  Plaintiffs' claims may be barred by the equitable doctrines of laches, waiver, and estoppel.

10. Plaintiffs' claims are barred because they ratified the actions complained of in their Complaint.

11. Defendant reserves the right to assert additional affirmative defenses in the future during or following discovery.

NAVY FEDERAL CREDIT UNION'S
ANSWER TO PLAINTIFFS'
COMPLAINT
Case No. 2:24-cv-00362 – 8

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, having fully answered the allegations contained in the Complaint and having asserted its affirmative defenses, Defendant prays that:

1. The Court dismiss all claims asserted in the Complaint against Defendant Navy Federal Credit Union;

2. The Court award Defendant the costs, expenses, and attorney's fees incurred by Defendant to defend against the claims asserted in the Complaint, including the claims asserted in the Complaint are frivolous and without merit; and

3. For such other and further relief as the Court may deem just, equitable, and proper.

Dated: March 26, 2024

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ Daniel O. Culicover*
    Sarah N. Turner WSBA# 37748
    Daniel O. Culicover WSBA #55085
    701 Fifth Avenue, Suite 2100
    Seattle, WA 98104
    Phone: 206-695-5115
    Email: sturner@grsm.com
           dculicover@grsm.com

*Attorneys for Defendant Navy Federal Credit Union*

NAVY FEDERAL CREDIT UNION'S
ANSWER TO PLAINTIFFS'
COMPLAINT
Case No. 2:24-cv-00362 – 9

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

# CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day a true and accurate copy of the foregoing document was filed with the Clerk of the Court using CM/ECF System and e-service was made on the following individuals listed below:

| | |
|---|---|
| Jason D. Anderson, WSBA No. 38014<br>T. Tyler Santiago, WSBA No. 46004<br>ANDERSON SANTIAGO, PLLC<br>207B Sunset Blvd. N.<br>Renton, WA 98057<br>Phone: (206) 395-2665<br>Fax: (206) 395-2719<br>Email: jason@alkc.net<br><br>Attorneys for Plaintiffs<br>HOLLIANNE AND JACOB YRACEBURU | Katie D. Bass<br>Pilar French<br>LANE POWELL LLP<br>1420 Fifth Avenue, Suite 4200<br>Seattle, Washington 98101-2375<br>Tel: 206.223.7731<br>bassk@lanepowell.com<br>FrenchP@LanePowell.com<br><br>Attorneys for Defendant<br>JPMORGAN CHASE BANK, N.A. |

Dated: March 26, 2024

                                              *s/ Jacqueline Burrell*
                                              Jacqueline Burrell

NAVY FEDERAL CREDIT UNION'S
ANSWER TO PLAINTIFFS'
COMPLAINT
Case No. 2:24-cv-00362 – 10

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822